**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ORVILLE ETORIA,**<br><br>*Plaintiff,*<br>v.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**, 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009;<br><br>**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, 500 12th St. SW, Mail Stop 5900 Washington, DC 20536;<br><br>*Defendants*. | Case No. ______________________ |

**FOIA COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Plaintiff Orville Etoria (Mr. Etoria) brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*., to compel Defendants U.S. Citizenship and Immigration Services (USCIS) and U.S. Immigration and Customs Enforcement (ICE) to immediately release all responsive records regarding his immigration history, including the contents of his immigration case file, known by USCIS as an Alien File or A-File.

2. On November 11, 2025, Mr. Etoria, through counsel, submitted a FOIA Request to Defendant USCIS. The request sought the entire contents of Mr. Etoria's A-File. *See* Exhibit A (USCIS FOIA Request Screenshot). Despite its statutory obligation to do so, Defendant USCIS has failed to produce all non-exempt records responsive to the USCIS FOIA Request or all segregable information contained in the responsive records.

3. On June 17, 2026, Mr. Etoria submitted a FOIA Request to Defendant ICE. The Request sought records related to Mr. Etoria from an ICE case management database known as the ENFORCE Alien Removal Module (EARM). *See* Exhibit B (ICE FOIA Request Screenshot). Despite its statutory obligation to do so, Defendant ICE has failed to substantively respond to the FOIA request or produce any records in response to it.

4. Accordingly, Mr. Etoria is entitled to a judgment declaring that Defendants have violated FOIA, ordering Defendant USCIS to promptly produce all non-exempt records responsive to the FOIA request and all segregable non-exempt information from the records responsive to the USCIS FOIA request, and ordering Defendant ICE to promptly locate and release all records responsive to the ICE FOIA request.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA) and 28 U.S.C. § 1331 (federal question). This Court may grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

6. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because the FOIA statute permits filing in the District of Columbia.

7. Defendant USCIS acknowledged receipt of the USCIS FOIA Request by sending an acknowledgment letter on November 14, 2025. *See* Exhibit C (USCIS FOIA Request Receipt Notice). Defendant USCIS produced records on December 3, 2025. Mr. Etoria exhausted his administrative remedies with respect to the request by filing an administrative appeal by mail, which was received by USCIS on February 26, 2026, *see* Exhibit D (USCIS Administrative Appeal and Proof of Delivery), to which Defendant USCIS has failed to respond timely. *See* 5

U.S.C. § 552(a)(6)(C)(ii).

8. Defendant ICE acknowledged receipt of the ICE FOIA Request by sending an acknowledgment letter by email on June 23, 2026. *See* Exhibit E (ICE FOIA Request Receipt Notice). Because Defendant ICE failed to comply with the applicable time limitations in responding, Mr. Etoria is deemed to have exhausted administrative remedies in connection with the request. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

9. Plaintiff Orville Etoria resides in Port Royal, Jamaica. He filed an A-File FOIA request with USCIS on November 11, 2025, and a FOIA request with ICE on June 17, 2026.

10. Defendant USCIS is a component agency of the Department of Homeland Security and, among other duties, is the federal agency responsible for maintaining A-Files. USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks in the USCIS FOIA Request.

11. Defendant ICE is a component agency of the Department of Homeland Security. Among other duties, it maintains the EARM and carries out removal orders. ICE is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks in the ICE FOIA Request.

## FACTUAL ALLEGATIONS

### Mr. Etoria's FOIA Request to Defendant USCIS

12. Pursuant to a nationwide permanent injunction, Defendant USCIS is enjoined from failing to adhere to the statutory deadlines in 5 U.S.C. § 552(a)(6)(A) and (B), which require determinations within 20 business days or, in the case of "unusual circumstances," within 30 business days, respectively. *See Nightingale v. USCIS*, 507 F. Supp. 3d 1193 (N.D. Cal. 2020).

13. On November 11, 2025, Mr. Etoria, through counsel, submitted a FOIA Request to Defendant USCIS through USCIS' FOIA FIRST online portal. The request seeks the entire contents of his A-File. *See* Exhibit A.

14. Defendant USCIS acknowledged receipt of the USCIS FOIA Request on November 14, 2025, assigning it control number NRC2025516151. *See* Exhibit C.

15. On December 3, 2025, Defendant USCIS responded to the FOIA request. Defendant USCIS produced 43 pages of records in full and 107 pages in part and withheld 379 pages in full. Defendant USCIS applied the 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) exemptions to the withheld records. This was Defendant USCIS' final response to the USCIS FOIA Request.

16. Mr. Etoria filed an administrative appeal of the response on February 26, 2026 with the USCIS FOIA/PA Appeals Office, challenging Defendant USCIS' failure to release non-exempt and segregable information contained in the records. *See* Exhibit D. Defendant USCIS did not acknowledge receipt or otherwise respond to the appeal.

17. The USCIS FOIA/PA Appeals Office did not respond to the administrative appeal within 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(ii), and to date has not responded to the appeal.

**Mr. Etoria's FOIA Request to Defendant ICE**

18. On June 17, 2026, Mr. Etoria submitted a FOIA Request to Defendant ICE through the SecureRelease online portal the agency uses. The request seeks "[a]ll ENFORCE Alien Removal Module entries related to Orville Isaac Etoria" from August 1, 2021 through October 1, 2025. *See* Exhibit B.

19. Defendant ICE acknowledged receipt of the FOIA Request on June 23, 2026 by

email. *See* Exhibit E. The email assigned case number 2026-ICFO-30902 and invoked the 10-day extension of time to respond to the FOIA requests permitted under 8 U.S.C. § 552(a)(6)(B). *Id*.

20. Defendant ICE did not notify Mr. Etoria of any determination to comply with the ICE FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6). Defendant ICE has failed to produce any records or make any substantive response to the ICE FOIA Request.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**
**(Against Defendant ICE)**

21. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

22. Pursuant to 5 U.S.C. § 552(a)(3) and (a)(6), Defendant ICE was obligated to promptly produce records responsive to Mr. Etoria's ICE FOIA Request.

23. Mr. Etoria submitted the ICE FOIA Request on June 17, 2026. Although Defendant ICE notified Mr. Etoria that, under 5 U.S.C. § 552(a)(6)(B), it was invoking a 10-day extension of the time to respond for unusual circumstances (thus a total of 30 days excluding Saturdays, Sundays and holidays), Defendant ICE failed to issue a response, including a determination of whether to comply with the request and the reasons for that determination, within that time. To date, Mr. Etoria has received no determination from ICE and also has received no records.

24. Defendant ICE's failure to disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. § 552(a)(3) and (a)(6) and the corresponding regulations.

**COUNT TWO**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct an Adequate Search and to Disclose Responsive Records**
**(Against Defendant ICE)**

25. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

26. Defendant ICE is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the ICE FOIA Request and to promptly produce those records.

27. Upon information and belief, Defendant ICE has not conducted any search for records responsive to the ICE FOIA Request. Defendant ICE has not made a determination on the ICE FOIA request or produced any records responsive to the request. Mr. Etoria has a legal right to obtain such records, and no legal basis exists for Defendant ICE's failure to search for them.

28. Defendant ICE's failure to conduct a reasonable search and disclose all records responsive to the ICE FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3) and the corresponding regulations.

**COUNT THREE**
**Violation of FOIA, 5 U.S.C. § 552**
**Improper Withholding of Records**
**(Against All Defendants)**

29. Defendants are obligated to release records requested under FOIA unless "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i). If Defendants determine that they will not comply with a request for a record, they must provide a lawful reason for withholding any responsive records. *See, e.g.*, 5 U.S.C. § 552(a)(6)(A)(i)(I).

30. Defendant USCIS has withheld 107 pages of responsive record in part and 379 pages in full pursuant to FOIA exemptions 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

31. Defendant USCIS has improperly applied FOIA exemptions 5, 6, 7(C), and 7(E) found in § 552(b).

32. Defendant ICE has withheld all responsive records.

33. Mr. Etoria has a legal right to obtain such records, and no legal basis exists for Defendants' withholding of the records in whole or in part.

34. Defendants' failure to release all non-exempt records responsive to the FOIA Requests violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(i) and § 552(b) and the corresponding regulations.

**<u>COUNT FOUR</u>**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Produce Segregable Information**
**(Against All Defendants)**

35. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

36. Defendants are obligated to release "[a]ny reasonably segregable portion of a record . . . after deletion of the portions which are exempt under [5 U.S.C. § 552(b)]." 5 U.S.C.§ 552(b). In responding to FOIA requests, agencies must "consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible" and also "take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii).

37. Upon information and belief, Defendants failed to segregate exempt information in otherwise non-exempt records responsive to Mr. Etoria's FOIA Requests.

38. Mr. Etoria has a legal right to obtain such segregable information, and no legal

basis exists for Defendants to withhold it.

39. Defendants' failure to release all segregable information in records responsive to the FOIA Requests violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(ii) and (b) and the corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction over this action;

b. Declare unlawful Defendant ICE's failure to make a determination on the ICE FOIA Request within the statutory time frame, failure to conduct an adequate search for the records requested by Plaintiff, and failure to disclose the records requested by Plaintiff;

c. Declare unlawful Defendants' failure to disclose the records requested by Plaintiff;

d. Order Defendant ICE to make a full, adequate, and expeditious search for the requested records;

e. Order Defendants to expeditiously process and disclose all responsive, non-exempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

f. Enjoin Defendants from improperly withholding requested records;

g. Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

h. Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

*s/ Mary Kenney*
Mary Kenney, D.C. Bar No. 1044695
Kristin Macleod-Ball*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4681
mary@immigrationlitigation.org
kristin@immigrationlitigation.org

Nhu-Y Ngo*
Edith Sangüeza*
The Bronx Defenders
360 East 161st Street
Bronx, NY 10451
(347) 842-1320
nngo@bronxdefenders.org
ESangueza@bronxdefenders.org

* *Application to appear pro hac vice forthcoming*

*Counsel for Plaintiff*

Dated: August 20, 2026