# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**
1ZA0X5130111911429

**Service**
UPS Next Day Air®

**Shipped / Billed On**
02/24/2026

**Delivered On**
02/26/2026 10:15 A.M.

**Delivered To**
LEES SUMMIT, MO, US

**Received By**
JOHNSON

Please print for your records as photo and details are only available for a limited time.

Sincerely,

UPS

Tracking results provided by UPS: 02/26/2026 1:08 P.M. EST

EXHIBIT D

THE BRONX DEFENDERS

February 24, 2026

USCIS FOIA/PA Appeals Office
150 Space Center Loop, Suite 500
Lee's Summit, MO 64064-2139

**RE: Freedom of Information Act Administrative Appeal**
**Orville Etoria, Control Number NRC2025516151**

To Whom It May Concern:

On November 11, 2025, Mr. Orville Etoria filed the above referenced Freedom of Information Act (FOIA) Request (the Request) seeking the entire contents of his A-File. This letter is an appeal of the agency's inadequate response to the Request.

The original request was filed by Mr. Etoria through his attorney, Mia Unger, of counsel to The Legal Aid Society. This appeal is being filed by Mr. Etoria through his attorney, Mia Unger, now of counsel to The Bronx Defenders. Accordingly, please find attached a new G-28 and a new authorization of third-party release executed by Mr. Etoria.

On December 3, 2025, Mr. Etoria received a response to the Request stating that U.S. Citizenship and Immigration Services (USCIS) "had completed the review of all documents and ha[d] identified 529 pages that are responsive" to the Request. *See* Exhibit A at 1. USCIS withheld 379 pages in full and 107 pages in part, with the justification that "they contain no reasonably segregable portion(s) of non-exempt information." *Id.* This letter constitutes an administrative appeal of USCIS' determination pursuant to 6 C.F.R. § 5.8, because the claimed exemptions to disclosure are overbroad. This appeal is timely filed within 90 days of USCIS' December 3, 2025 purportedly final disposition of the Request.

The response is inadequate because USCIS failed to produce non-exempt information contained in the records. For example, USCIS redacted:

- The entire narrative portion of forms I-213, I-220B, and I-247 for Mr. Etoria pursuant to 5 U.S.C. § 552 (b)(6), (b)(7)(c), and (b)(7)(E), *see* Production at 112-14, 191, 359, 361-62, 364;[1]
- The charges of removability on Mr. Etoria's form I-862, Notice to Appear pursuant to 5 U.S.C. § 552 (b)(6), (b)(7)(c), and (b)(7)(E), *see* Production at 367;
- Portions of Mr. Etoria's criminal appellate court decision, a publicly available document, pursuant to 5 U.S.C. § 552(b)(6) and (b)(7)(c), *see* Production at 75;

[1] USCIS did not provide page numbers for the responsive records produced.

- Portions of Mr. Etoria's own birth certificate under 5 U.S.C. § 552(b)(6), *see* Production at 34, 201;
- Portions of Mr. Etoria's own passport under 5 U.S.C. § 552(b)(6), *see* Production at 9;
- Portions of Mr. Etoria's own immigration court documents that have previously been served upon him in unredacted format under 5 U.S.C. § 552(b)(6), (7)(C), *see, e.g.*, Production at 15, 66-70.

These redactions were not properly applied. As the Supreme Court has explained, the privacy interest inherent in Exemption 6 belongs to the individual whom the records concern, not the agency that holds them, *see U.S. Dep't of Justice v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 763-65 (1989). Yet, USCIS withheld Mr. Etoria's own documents and statements from him. Nor are privacy-focused exemptions properly applied to publicly available information or records. *See, e.g.*, *Story of Stuff Project v. U.S. Forest Serv.*, 366 F. Supp. 3d 66, 80 (D.D.C. 2019); *Int'l Couns. Bureau v. Dep't of Defense*, 723 F. Supp. 2d 54, 66-67 (D.D.C. 2010). Finally, not all immigration related documents are produced "for law enforcement purposes" such that they fall within the ambit of Exemption 7. *Cf. Knight First Amend. Inst. at Columbia Univ. v. DHS*, 407 F. Supp. 3d 334, 350-51 (S.D.N.Y. 2019) (determining that not even all records of Immigration & Customs Enforcement, the immigration enforcement subagency, are compiled for law enforcement purposes), *rev'd & remanded on other grounds sub nom., Knight First Amend. Inst. at Columbia Univ. v. USCIS*, 30 F.4th 318 (2d Cir. 2022). At a minimum, USCIS failed to produce "[a]ny reasonably segregable portion of" the records as required by 5 U.S.C. § 552(b).

Additionally, unidentified documents are impermissibly withheld without explanation pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(6)(b)(7)(c), (b)(7)(E), and (b)(7)(c).

Therefore, we request that USCIS produce all non-exempt portions of the responsive records.

Please find enclosed:

- Newly executed form G-28 with Counsel's new organization and address
- Newly executed third party release with Counsel's new organization and address
- Exhibit A, USCIS Response Letter dated December 3, 2025.

Thank you in advance for your prompt attention to this appeal. We look forward to your reply to this request within twenty business days, as required under 5 U.S.C. § 552(a)(6)(A)(ii).

If you have any questions regarding this appeal, please contact Mia Unger at munger@bronxdefenders.org or 347-842-1221.

Sincerely,



Mia Unger
Supervising Attorney, Immigration Practice
The Bronx Defenders
360 East 161st Street
Bronx, NY 10451
Tel: 347-842-1221
E-mail: munger@bronxdefenders.org